UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*|

UNITED STATES OF AMERICA | Criminal No. 5:22-cr-74 (GTS)

v.

FREDERICK J. HARESIGN, | **Government's Sentencing Memorandum**

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Frederick J. Haresign is scheduled for sentencing on July 20, 2022, following his conviction by guilty plea of one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b). The government agrees with the facts, criminal history category, guidelines calculation, and statutory sentencing requirements reflected in the Presentence Investigation Report.

The government respectfully requests that the Court accept the parties' Rule 11(c)(1)(C) plea agreement and impose a sentence of 120 months' imprisonment to be followed by 20 years of supervised release. The agreed-upon imprisonment term is the statutory maximum imprisonment term for a possession offense and represents a guidelines sentence where, as here, the statutory maximum is less than the otherwise applicable guidelines imprisonment range (168-210 months). *See* U.S.S.G. § 5G1.1(a).

The agreed upon disposition is consistent with the sentencing factors in 18 U.S.C. § 3553(a). The defendant abused his position of trust as a school bus driver which gave him access to a child on his bus route. Using nicotine and other items of value to the child, the defendant enticed and persuaded the victim to create sexually explicit videos and images of himself, save that material on a recording device that the defendant provided to the victim, and then give that

device back to the defendant with the sexually explicit material saved on it so that the defendant could view the material for his sexual pleasure.

Although the defendant's conduct was heinous and supports the agreed upon disposition, he otherwise had lived a law-abiding life for more than 50 years. Law enforcement found only a small collection of material depicting the defendant's victim when the defendant's house was searched. No other child pornography was found. The combination of the agreed-upon imprisonment term of 120 months and 20 years of supervised release means that the defendant is likely to be either imprisoned or living under release condition for the rest of his life. Although the defendant committed his offense conduct at a comparatively older age (raising a concern that his risk profile is not necessarily mitigated by age), he took advantage of an opportunity that will never exist again because of this conviction. Thus, the defendant appears relatively unlikely to recidivate.

Accordingly, the government believes that the agreed-upon disposition is the appropriate sentence under 18 U.S.C. § 3553.[1]

CARLA B. FREEDMAN
United States Attorney

By: *Michael Gadarian* (Digitally signed by MICHAEL GADARIAN, Date: 2022.06.28 09:33:42 -04'00')

Michael D. Gadarian
Assistant United States Attorney
Bar Roll No. 517198

---

[1] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. The government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, except for the confidential sentencing recommendations submitted by the United States Probation Office.