UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACYSE DIVISION

---

UNITED STATES OF AMERICA,

  -v-                                          CASE NO: 5:22-cr-74 (GTS)

FREDERICK HARESIGN,

---

**SENTENCING MEMORANDUM**

DATED: June 29, 2022                      Respectfully submitted,

                                                    LISA A. PEEBLES
                                                    Federal Public Defender

                                                    By: JOHN J. GILSENAN, ESQ.
                                                    Assistant Federal Public Defender
                                                    Bar Roll No. 700557
                                                    4 Clinton Square, 3rd Floor
                                                    Syracuse, NY 13202

## A 120 MONTH SENTENCE WITH 20 YEARS OF SUPERVISED RELEASE SATISFIES THE APPLICABLE § 3553 (a) FACTORS AND IS JUSTIFIED UNDER § 6B1.2 (c) (2).

A District Court's sentencing decisions must be both procedurally and substantively sound. Procedurally, the sentencing court must first correctly calculate the applicable guideline range, treat the guidelines as advisory, consider the 18 USC § 3553(a) factors, not base a sentence on clearly erroneous facts, and adequately explain the chosen sentence. *See Gall v United States*, 552 US 38, 51 (2007); *see also Hughes v. United States*, 138 S. Ct. 1765, 1778 (2018) (in the case of a Rule 11 (c) (1) (c) plea, the court must consider the applicable guidelines range when it decides whether to accept or reject the agreement). Substantively, a sentence is reviewed for reasonableness. *United States v Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). Here, the 120-month sentence is supported by the § 3553(a) factors and is justified under § 6B1.2 (c) (2).

As to the § 3553 (a) factors, we concur with the Government's conclusions and reasoning. *See* Dkt. 30-1, 2. Specifically, Fred would like to emphasize that the agreed-upon 120-month sentence and following 20 years of supervised release will likely cover the rest of his life. Regarding § 6B1.2 (c) (2), this agreement is founded on both parties' recognition of Fred's lack of prior criminal record, the small number of images, and the fact that these images were never shared.

In sum, we join in the Government's conclusion that Fred will never again be able to re-offend and is extremely unlikely to commit other crimes. For these reasons, we join with the Government in asking this Court to accept the plea agreement and to

impose the agreed upon sentence.

DATED: June 29, 2022                               LISA A. PEEBLES
                                                   FEDERAL PUBLIC DEFENDER

                                                   By: JOHN J. GILSENAN, ESQ

                                                   Asst. Federal Public Defender
                                                   Bar Roll No. 700557
                                                   4 Clinton Street
                                                   Syracuse, New York


To:    Michael Gadarian, AUSA (via ECF)
       Karlie Hall, USPO (via email)